**UNITED MINE WORKERS OF AMERICA, LOCAL UNION NO. 5834, OF THEALKA, Kentucky, et al., Appellants,**

v.

**Elmer DANIEL, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

H. B. Noble, Hazard, for appellants.

R. B. Harrington, Paintsville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment and supplemental judgment which restored the appellee, Elmer Daniel, to membership in the United Mine Workers, and directed the appellants, in effect, to process his claim

for a pension from the U. M. W. retirement fund.

Mr. Daniel had been a member of the U. M. W. for many years in either an active or exonerated status. After the mine in which he was working in 1937 closed down, he worked with the W. P. A. and for the State at the LaGrange prison until about 1945, retaining his status in the U. M. W. as what is termed an "exonerated" member. During a period in 1947–48 he drew benefits from the U. M. W. welfare fund and in the latter year sought to have his membership transferred to Local No. 5834 of Thealka, Kentucky, and consulted Sam Caddy, Jr., secretary and treasurer of U. M. W. District No. 30 about it. On the basis of a letter from Sam Caddy, Jr., recommending the transfer, the Local Union No. 5834 received Mr. Daniel into its membership and accepted his dues for several years until charges were filed to remove Mr. Daniel from membership because he had failed to have the transfer card required by the U. M. W. Constitution. It is significant that the constitutional requirements in this respect were not observed in practice in the instance of other miners as well as Mr. Daniel.

The details of the hearings granted Mr. Daniel by the various units of the U. M. W. organization are not in the record, but the summary of the hearings discloses his ouster from membership. There is no suggestion of fraud or dishonesty on the part of Mr. Daniel or anyone else involved, but only the question of whether the Union authorities were justified in removing him from membership in the circumstances.

In the light of all the circumstances, Mr. Daniel's long affiliation in one capacity or another with the Union, his many years in the coal mining industry, including a stint of several months since joining Local No. 5834, his payment of dues regularly after his admittance to membership in Local No. 5834 upon the recommendation of Sam Caddy, Jr., we agree with the trial judge that Mr. Daniel has been wrong-fully deprived of his membership in the Union. In accepting him and other miners to membership without the technically required transfer card and accepting his dues thereafter, it seems to us that the Union authorities clearly waived their technical requirements and are in no position to complain about it now.

Since the situs of the retirement fund and its trustees is out of this jurisdiction, in Washington, D. C., this State has no jurisdiction to decide whether Mr. Daniel is entitled to retirement benefits. That may be the reason his case was not briefed on this appeal. Furthermore, the standards of the trustees for determining who is entitled to benefits are not in this record.

Since we construe the trial court's judgment and its subsequent modification as imposing no financial responsibility upon any of the appellants, but merely requiring the appellants, as officials of the Union in Kentucky, to process whatever claim Mr. Daniel has to retirement benefits the same as they would do for any other member of the U. M. W. in good standing in Kentucky, we affirm the judgment.