274 F.2d 523
 John A. PAVLOVSCAK, Appellee
v.
John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Appellants.
 No. 12835.
 United States Court of Appeals Third Circuit.
 Argued June 4, 1959.
 Decided September 18, 1959.
 On Petition for Rehearing February 10, 1960.
 
 Alexander Unkovic, Pittsburgh, Pa. (A. E. Kountz, Kountz, Fry & Meyer, Pittsburgh, Pa., on the brief), for appellants.
 Jerome M. Libenson, Pittsburgh, Pa., for appellee.
 Before GOODRICH, KALODNER and HASTIE, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 In this case a retired coal miner seeks to establish his right to a pension to be paid by the United Mine Workers of America Welfare and Retirement Fund, as established by an agreement between certain coal operators and the United Mine Workers under sanction of Section 302 of the Labor-Management Relations Act of 1947. 61 Stat. 157, 29 U.S.C.A. § 186(c). To this end he has sued "John L. Lewis, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund" in the District Court for the Western District of Pennsylvania, the district within which the plaintiff resides. Diversity of citizenship is asserted as the basis of federal jurisdiction.[1]
 
 
 2
 The United Mine Workers of America Welfare and Retirement Fund, hereinafter called the Fund, has been created and functions to provide medical and pension benefits for retired miners. It is administered in the District of Columbia pursuant to the constituting indenture by the Trustees named in this case. Sums are paid into the Fund periodically by mine operators. The Trustees cause pensions and other benefits to be provided for miners found to be eligible. The Trustees are citizens of states other than Pennsylvania and, as individuals, have not been found within Pennsylvania. The corpus of the Fund consists of movables with situs in the District of Columbia.
 
 
 3
 Service of process was upon an alleged agent of the Fund in charge of an office maintained in the name of the Fund in Pittsburgh. A motion to dismiss the complaint has raised the question of the suability of the Fund in the Western District of Pennsylvania as well as the sufficiency of process. The district court denied the motion. Pavlovscak v. Lewis, D.C.1958, 168 F.Supp. 839. At the same time, it sanctioned this interlocutory appeal, which has been perfected as provided by Section 1292(b) of Title 28, United States Code, as amended by the Act of September 2, 1958, 72 Stat. 1770.
 
 
 4
 What the plaintiff is attempting here is to have jurisdiction exercised over the Fund as a business organization in the nature of an unincorporated association. Under Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the district court was obligated to determine the capacity of the Fund to be sued as a constituted business organization by applying the law of the state in which the district court sat. In this endeavor the district court turned to Stampolis v. Lewis, 1958, 186 Pa.Super. 285, 142 A.2d 348, allocatur refused, Pennsylvania Supreme Court, August 19, 1958, certiorari denied 1959, 359 U.S. 907, 79 S.Ct. 582, 3 L.Ed.2d 572, and found that there the Superior Court of Pennsylvania had considered the status of this very Fund as a party litigant and had treated it as a business unit suable in the same manner as an unincorporated association under Pennsylvania law. True that case involved a writ of foreign attachment, while this one is an attempted exercise of ordinary jurisdiction over the organization directly, but for present purposes the important thing is that the Stampolis decision is an authoritative Pennsylvania ruling that Pennsylvania procedural law treats this Fund, for purposes of suability and amenability to process, like an ordinary unincorporated association. It may be, as has been argued to us, that for certain purposes of substantive law the Fund will be treated as a trust, or perhaps as something else, but for present purposes that is irrelevant. We are narrowly concerned with Pennsylvania procedure for handling suits against organized groups conducting business activity in that state.
 
 
 5
 The Stampolis case goes further. It treats the actual contacts of the Fund with Pennsylvania, which are also before us now, as sufficient to bring it within the reach of the local courts. Here again the Pennsylvania view of Pennsylvania law is conclusive, unless the relationship of the Fund to the state is so slight and inconsequential that its subjection to the jurisdiction of local courts offends due process of law.
 
 
 6
 The due process question need not detain us long. The facts stipulated or otherwise in evidence without dispute show substantial activity of the Fund in Pennsylvania and substantial direct impact of its activities upon the local community. Mine operators in Pennsylvania continue to pay money into the Fund while many retired miners in Pennsylvania receive substantial benefits from it. In this connection, employees of the Fund from time to time inspect books and records of operators in Pennsylvania in determining the extent of obligations to the Fund. In addition, the Trustees on behalf of the Fund have filed more than sixty suits in the Western District of Pennsylvania against coal operators for alleged failure to make payments owed to the Fund.
 
 
 7
 The Fund maintains in its own name two area medical offices in Pennsylvania for the administration of its responsibility to provide medical benefits to miners in the area. Some forty-two persons, about ten per cent of the entire staff of the Fund, are employed in these Pennsylvania offices. In this case service of process was upon the officer in charge of the Pittsburgh area medical office.
 
 
 8
 The Supreme Court has accepted much less substantial local activity than we have here in furtherance of an out-of-state enterprise as sufficient to make it reasonable for the state to subject the entrepreneur to the jurisdiction of its courts. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Accordingly, we find no constitutional objection to the position taken by Pennsylvania that this Fund may be sued in Pennsylvania as an unincorporated association doing business in that state.
 
 
 9
 Finally, the District Court inquired whether service on the officer in charge of the Pittsburgh office satisfied the procedural requirements of Rule 2156 and Rule 2157 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix. This inquiry was appropriate since Rule 4(d) (7) of the Federal Rules of Civil Procedure authorizes service of summons and complaint "in the manner prescribed by the law of the state in which the service is made." On this point the court below said:
 
 
 10
 "Pennsylvania Rules of Civil Procedure, Rule 2156 provides that: `* * * an action against an association may be brought in and only in a county where the association regularly conducts business or any association activity * * *'. It certainly appears that many activities of the association were carried on in Allegheny County such as maintaining a listing in the telephone directory; and the primary concern to the Fund, the collection of monies and the examination of the books of operators. The process herein was served in accordance with Pennsylvania Rule of Civil Procedure 2157 for it was served on the person in charge of the place where the association carried on activities; * * *". 168 F.Supp. at page 842.
 
 
 11
 In the light of what we already have said about the activities of the Fund, and particularly the operation of its area medical offices, in Pennsylvania and in the Pittsburgh area we are satisfied that the conclusion of the court below was correct. Cf. Claycraft Co. v. United Mine Workers of America, 6 Cir., 1953, 204 F.2d 600. In this connection it is worth mentioning that, when process was served in this case on August 9, 1957, Pennsylvania law recognized rather slight activity within the state as sufficient to constitute "doing business" for purposes of the law regulating service of process. Florio v. Powder-Power Tool Corp., 3 Cir., 1957, 248 F.2d 367. The subsequent reinstatement of the more restrictive "solicitation plus" doctrine under Act No. 370 of July 11, 1957, P.L. 711, § 1, 15 P.S. § 2852-2 et seq., did not become effective until September 1, 1957, too late to affect this case. Actually, we think the business activity of the Fund within Pennsylvania was sufficient to satisfy the concept of doing business under the present Pennsylvania law. Certainly, it was much more than enough under the law in force during August 1957 as we interpreted it in the Florio case.
 
 
 12
 For these reasons the interlocutory order from which this appeal has been taken will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although no party has raised any question concerning the existence of the requisite diversity of citizenship here, it seems appropriate to point out that this case is different from Underwood v. Maloney, 3 Cir., 1958, 256 F.2d 334. There an individual brought suit claiming to represent the members of a labor union, an unincorporated association, as a class. We ruled that to establish diversity jurisdiction plaintiff must show that all members of the union were citizens of states other then those in which opposing parties resided
 Nothing like that appears here. The suit is against an organization created for special and defined purposes by an indenture executed by the United Mine Workers and certain coal operators. That organization is a body of three "trustees" vested with full authority and responsibility for carrying out the terms of the indenture. Pennsylvania treats this body of three as an unincorporated association for procedural purposes. Whether we would so characterize the group we accept for the purposes of this case the Pennsylvania conception.
 Further distinguishing the Underwood case, the union members here do not pay into the Fund or control its administration. The individual union member may or may not, according to future circumstances, become legally entitled to benefits from the Fund. The trustees are not agents of the union or of the operators, since they are not responsible to these persons or required to do their bidding. They function independently with the indenture serving as their charter and defining their responsibilities. Indeed, the essence of the scheme seems to have been to set up a body in fact and in law separate and distinct from both the union and the mining companies. Thus, if the residence of the trustees satisfies diversity requirements it seems immaterial where the coal operators or the members of the union which established the Fund reside.
 
 
 Sur Petition for Rehearing
 
 13
 Before GOODRICH, McLAUGHLIN, KALODNER, STALEY, HASTIE and FORMAN, Circuit Judges.
 
 
 14
 PER CURIAM.
 
 
 15
 Our decision on this appeal turned upon Pennsylvania law as announced in Stampolis v. Lewis, 1958, 186 Pa.Super. 285, 142 A.2d 348. Now we are able to reexamine our original opinion in the new light which the Supreme Court of Pennsylvania has cast upon the Stampolis ruling in Myhalyk v. Lewis, Pa., 158 A.2d 305.
 
 
 16
 More particularly, our conclusion that the United Mine Workers of America Welfare and Retirement Fund was suable in Pennsylvania and that proper procedure had been followed in serving process depended upon Pennsylvania law as announced in the Stampolis case. Now, in the Myhalyk case, with this very Fund before it the Supreme Court of Pennsylvania has considered the Stampolis decision and has approved the Stampolis result, but has given it an authoritative new rationale. Specifically, while Stampolis indicated that the Trustees of the United Mine Workers of America Welfare and Retirement Fund were suable in Pennsylvania as an unincorporated association, the Myhalyk case has now established that this enterprise is suable in Pennsylvania, but as a foreign "corporation or similar entity" under Rule 2176, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, p. 482. In addition, Rules 2179 and 2180 provide a procedure for the service of process upon such an entity in a county where it regularly conducts business by personally serving the pleading upon the "agent or person for the time being in charge of, * * * any office or usual place of business of the corporation or similar entity". As our original opinion indicates, this procedure was followed here. It is valid under Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Actually, there is no essential difference between the procedure prescribed by Pennsylvania Rules 2156 and 2157 for serving a foreign unincorporated association and the procedure prescribed by Rules 2156 and 2157 for serving a foreign "corporation or similar entity". Thus, for present purposes it makes no difference that in approving the Stampolis result the Supreme Court of Pennsylvania has modified the Stampolis doctrine with respect to the proper legal characterization of United Mine Workers of America Welfare and Retirement Fund.
 
 
 17
 The petition for rehearing will be denied.