George J. KANE and Richard A. Dey, Trustees of the Social Security Department of General Warehousemen's Union Local 892, International Brotherhood of Teamsters, Chauffeurs and Helpers of America, Plaintiffs,

v.

SHULTON, INC., and General Warehousemen's Union Local 892, International Brotherhood of Teamsters, Chauffeurs and Helpers of America, Defendants.

Civ. No. 555–60.

United States District Court
D. New Jersey.

Dec. 16, 1960.

Krieger & Chodash, Jersey City, N. J., for plaintiffs.

John K. Bangs, Clifton, N. J., for Shulton, Inc.

Joseph S. E. Verga, Jersey City, N. J., for General Warehousemen's Union Local 892 etc.

WILLIAM F. SMITH, Chief Judge.

This proceeding is cast in the form of a civil action under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201. The plaintiffs seek the advice of the Court as to the legality of a Memorandum of Understanding dated February 25, 1959, and instructions as to their duties as·trustees under a Labor Contract dated November 1, 1947. The complaint alleges that the "action arises under 29 U.S.C.A. 186(c) and (e) * * *." (Section 302(c) and (e) of the Labor Man-

agement Relations Act). The proceeding is before the Court at this time on the petition of the plaintiffs for an early trial. However, a question of jurisdiction, not raised by the parties, immediately confronts the Court.

The essential facts are not in dispute and may be briefly summarized as follows: The defendant, Shulton, Inc., the Employer, and the defendant General Warehousemen's Union Local 892, etc., the Union, are admittedly parties to a Labor Contract which governs hours, wages, working conditions, etc., of the employees of the former. Pursuant to the terms of the said contract, a Health and Welfare Fund was established and its administration was entrusted to a Social Security Department. The present plaintiffs, the duly designated representatives of the Employer and the Union, are the authorized trustees of the said fund. It appears from the admitted allegations of the complaint that the Health and Welfare Fund was established in conformity with the requirements of Section 302(c) (5) of the Labor Management Relations Act, supra, 29 U.S.C.A. § 186(c) (5).

The Labor Contract was in effect on February 25, 1959, when the Employer and the Union executed a Memorandum of Understanding which provides for: First, the establishment of a Pension Plan and second, the transfer of "surplus" funds from the Health and Welfare Fund to the said plan. The plaintiffs, alleging that they entertain some doubts as to the validity of the latter provision and their duties as trustees of the Health and Welfare Fund, seek the advice of the Court. The plaintiffs seek specifically the advice of the Court as to whether or not the contemplated transfer of funds from the Health and Welfare Fund "would be considered a breach of trust or a diversion of trust funds."

It is apparent from the complaint that the plaintiffs attempt to invoke the jurisdiction of this Court under the provisions of Section 302(e) of the Act, 29 U.S.C.A. § 186(e) which reads as follows: "(e) The district courts of the United States * * * shall have jurisdiction,

for cause shown, * * * to restrain violations of this section, without regard to the provisions of section 17 of Title 15 and section 52 of this title, and the provisions of sections 101–110 and 113–115 of this title." This subsection vests in the Court a limited jurisdiction to enjoin the statutory violations defined by subsections (a) and (b).

The violations to which subsection (e) refers are defined in the Act of June 23, 1947, as follows:

"(a) It shall be unlawful for any employer to pay or deliver, or to agree to pay or deliver, any money or other thing of value to any representative of any of his employees who are employed in an industry affecting commerce.

"(b) It shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, from the employer of such employees any money or other thing of value."

(The scope of the applicability of the said provisions was enlarged by the amendments of September 14, 1959). There is no allegation in the complaint that the contemplated transfer of funds constitutes violations of the said subsections.

■■ The attempt to invoke the jurisdiction of the Court under subsection (c) (5) in conjunction with subsection (e) will not avail the plaintiffs. The sole purpose of subsection (c) (5) is to exempt contributions to certain welfare funds from the prohibitions of subsections (a) and (b). The provisions of subsections (a) and (b) are not applicable "with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents * * *" provided the trust fund is established in conformity with the requirements of provisos (A), (B), and (C) of the said subsection.

The question of jurisdiction was carefully considered, and in our opinion correctly decided, in Moses v. Ammond, D.C., 162 F.Supp. 866 and Sanders v. Birthright, D.C., 172 F.Supp. 895. It was held in each of the cited cases that the jurisdiction of the District Court could be invoked under subsection (e) only where there was a violation of either subsection (a) or (b), or both. It was observed by Judge Holder in the case of Sanders v. Birthright, 172 F.Supp. at page 901: "If subsection (e) in itself conferred jurisdiction upon the Court it would be a delegation of broad equitable powers upon the Courts to regulate Union Welfare Funds which would result in the birth and establishment of a federal law for the administration of welfare trusts. This Congress did not intend. Subsection (e) was necessary to remove the bars of the Norris-LaGuardia and Clayton Acts, 29 U.S.C.A. § 101 et seq., 15 U.S.C.A. § 12 et seq., in enforcing violations of subsections (a) and (b) and was not included to establish broad jurisdiction for the District Courts (Moses v. Ammond, D.C.1958, 162 F.Supp. 866)."

The scope of subsection 302(c) (5) of the Act was considered by the Supreme Court in the case of United States v. Ryan, 350 U.S. 299, 76 S.Ct. 400, 100 L.Ed. 335. It was therein stated at page 305 of 350 U.S., at page 404 of 76 S.Ct.: "The arrangement of § 302 is such that the only reference to welfare funds is contained in § 302(c) (5). If Congress intended to deal with that problem alone, it could have done so directly, without writing a broad prohibition in subsections (a) and (b) and five specific exceptions thereto in subsection (c), only the last of which covers welfare funds. As the statute reads, it appears to be a criminal provision, malum prohibitum, which outlaws all payments, with stated exceptions, between employer and representative."

■ The provisions of the Federal Declaratory Act, supra, will likewise not avail the plaintiffs. The provisions are procedural only and are available in the Federal Courts in those cases in which

the judicial power is invoked under an appropriate jurisdictional statute. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194. The said Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Ibid.

It is ordered on this 16th day of December, 1960, that the present proceeding be, and it hereby is, dismissed for lack of jurisdiction, without costs.