John L. LEWIS et al., Trustees, United Mine Workers of America Welfare and Retirement Fund of 1950, Appellants,

v.

Robert Z. HOGWOOD, Appellee.

No. 16296.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 7, 1961.

Decided Jan. 18, 1962.

Mr. Edward L. Carey, Washington, D. C., with whom Messrs. Val. J. Mitch and Charles L. Widman, Washington, D. C., were on the brief, for appellants.

Mr. Louis Rabil, Washington, D. C., with whom Mr. Douglas A. Clark, Washington, D. C., was on the brief, for appellee.

Before Mr. Justice BURTON, retired,[*] and WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellee, a resident of Tennessee, and a member of the United Mine Workers of America prior to his retirement in 1952, sued to establish his claimed pension rights. The appellants as Trustees of the Welfare and Retirement Fund joined issue, denying appellee's claimed eligibility to a pension and raising other defenses. Nearly one year after the case had been placed on the ready calendar in the District Court for the District of Columbia and some two weeks before its impending trial, the appellee filed a motion to transfer [1] the case to the United States District Court for the Eastern District of Tennessee. This appeal was brought after the District Court had ordered a transfer, motion for rehearing having been denied and an interlocutory appeal [2] having been allowed.

The highest court of Tennessee has ruled that "[s]ince the situs of this trust

---

[*] Sitting by designation pursuant to 28 U.S.C. § 294(a).

[1] 28 U.S.C. § 1404(a) (1958) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district * * * *where it might have been brought.*" (Emphasis added.)

[2] 28 U.S.C. § 1292(b) (1958).

of movables is at Washington, D. C., it seems necessary to hold, both by reason of principle as well as persuasive precedent, that the Courts of Tennessee have no jurisdiction to entertain [such a] suit for any purpose connected with the administration of that trust." [3] We are satisfied that the appellee's right to bring his action must depend upon the law of Tennessee.[4] If a party is barred from recovery in the state court, he must likewise be barred in the federal court.[5] The test is to be found in "whether the transferee district was one in which the action 'might have been brought' by the plaintiff." [6] Since the highest court of Tennessee has ruled that the courts of that state may not entertain such a suit as this, it is immaterial that the bar stems from a judicial decision rather than a statute of that state.[7] Since the courts of Tennessee were closed to this appellee when the action was brought, it follows that the Eastern District Court of Tennessee likewise [8] was precluded from entertaining this action.

The District Court erred [9] in ordering the transfer.

Reversed.

3. Hobbs v. Lewis, 197 Tenn. 44, 46, 270 S.W.2d 352, 354 (1954). Appellee seeks to distinguish Hobbs on the ground that judgment therein rested upon an agreed statement of facts different from those sought to be established herein. We deem this basis far too slender a reed upon which to rely where the Tennessee court has spoken so clearly and where this appellee's right to be in court somewhere is at stake. See footnote 9 infra. It may be noted that as a sequel to the Tennessee decision, Hobbs instituted a similar action in the District Court for the District of Columbia and here was allowed to recover. Hobbs v. Lewis, 159 F.Supp. 282 (D.D.C.1958).

4. Kane v. Shulton, Inc., 189 F.Supp. 882 (D.N.J.1960); Moses v. Ammond, 162 F. Supp. 866 (S.D.N.Y.1958); cf. Employing Plasterers' Ass'n of Chicago v. Journeymen, etc., 279 F.2d 92, 97 (7 Cir. 1960). Although the Welfare and Retirement Fund must qualify under the Taft-Hartley Act, 29 U.S.C.A. § 186(c); see United Marine Division, etc. v. Essex Transportation Co., 216 F.2d 410 (3 Cir. 1954); cf. Lewis v. Benedict Coal Corp., 361 U.S. 459, 465, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960), Congress has not authorized federal courts to supervise its administration.

5. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

6. Hoffman v. Blaski, 363 U.S. 335, 343, 344, 80 S.Ct. 1084, 1090, 4 L.Ed.2d 1254 (1960), affirming 260 F.2d 317 (7 Cir. 1958). Compare Blake v. Capitol Greyhound Lines, 95 U.S.App.D.C. 334, 222 F.2d 25 (1955).

7. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Guaranty Trust Co. of New York v. York, supra note 5, 326 U.S. at 112, 65 S.Ct. 1464.

8. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949).

9. Appellee, recognizing the difficulty of his position, argues that the statute law of Tennessee has been amended since Hobbs v. Lewis, supra note 3. His construction of the scope of the amendment is at best open to grave doubt. The record here establishes beyond peradventure that the corpus of the Welfare and Retirement Fund is located in the District of Columbia and not open to administration by the courts of Tennessee. In such a situation, were the test said to lie in an exercise of discretion by the trial court, we would be constrained to rule that no construction should be adopted which would render doubtful the appellee's right to continue his action. Moreover, with respect to the conflicting evidence of the Trust Fund's doing business in Tennessee, the Fund has been held to be a trust, and not a corporation or unincorporated association. E. g., Lewis v. Quality Coal Corporation, 270 F.2d 140 (7 Cir. 1959), cert. denied, 361 U.S. 929, 80 S.Ct. 369, 4 L.Ed.2d 353 (1960); Ruth v. Lewis, 166 F.Supp. 346 (D.D.C.1958); Yonce v. Miners Memorial Hospital Ass'n, 161 F. Supp. 178 (W.D.Va.1958); Hobbs v. Lewis, supra note 3. As such, service could not be made upon its trustees under the Tennessee statute covering unincorporated associations or organizations. Ramsey v. United Mine Workers, 27 F.R.D. 423 (E.D.Tenn.1961).