**George T. GEORGE, Plaintiff,**

v.

**John L. LEWIS, Josephine Roche and Henry G. Schmidt, Individually, and as Trustees of the United Mine Workers of American Welfare and Retirement Fund, Defendants.**

**Civ. A. No. 8238.**

United States District Court
D. Colorado.
April 7, 1964.

---

Carmel A. Garlutzo, Trinidad, Colo., for plaintiff.

Zarlengo, Zarlengo & Seavy, Anthony F. Zarlengo, Denver, Colo., and Val J. Mitch, Harold H. Bacon, and Charles L. Widman, Washington, D. C., for defendants.

ARRAJ, Chief Judge.

The subject matter of this litigation is before the Court a second time on the motion of plaintiff to remand to the District Court in and for the County of Las Animas, Colorado. The suit was originally initiated in that Court in 1961. Thereafter, defendants removed the case to this Court and moved to dismiss for improper service of process, lack of jurisdiction and venue, or in lieu thereof, to quash the return of service of summons. Plaintiff moved to remand. His motion was granted by this Court in April of 1962 on the grounds that the requisite jurisdictional amount had not been satisfied. George v. Lewis, 204 F. Supp. 380 (D.Colo.1962). Following remand, the state Court in July of 1963, granted defendants' motions to quash service of process and dissolved plaintiff's writs of attachment and garnish-

ment. That court refused, however, to dismiss the action, affording plaintiff the opportunity to obtain service of process in some other manner if possible.

On September 24, 1963, plaintiff served Dr. William A. Dorsey, Area Medical Administrator of the United Mine Workers of America Welfare and Retirement Fund in Denver, Colorado. Defendants promptly filed a petition for removal to this Court together with motions to dismiss for improper service of process, lack of jurisdiction and venue, or in lieu thereof, to quash the return of service on Dr. Dorsey. Plaintiff moved to remand to the District Court of Las Animas County, Colorado, on the grounds that the requisite jurisdictional amount is not in controversy and that the legal problems involved are the same as those heretofore resolved by this Court in its Order of April 1962.

It is not necessary to review in detail our prior decision. Suffice it to say that it rested on a factual situation which materially differs from that now before the Court in two ways: (1) jurisdiction in the first instance was quasi in rem in nature, thereby limiting any possible recovery to the amount of the res brought within the control of the Court by attachment and garnishment. Since the amount of that res was less than $10,-000.00, plaintiff's motion to remand was granted. As above noted, the writs of attachment and garnishment which formed the basis of that quasi in rem jurisdiction were dissolved by the state Court. Recovery now, therefore, is limited only by the bounds of the complaint. (2) service of process has now been obtained on the Area Medical Administrator of the Fund of which defendants are trustees. The personal service on the trustees previously obtained outside of Colorado was quashed by the state Court. There is therefore now the question whether personal jurisdiction over the trustees has been obtained by service upon the Area Medical Administrator within Colorado.

With these differences in mind, we turn first to plaintiff's motion to remand.

There appears to be no dispute that the parties to this suit have the requisite diversity of citizenship required by 28 U.S.C. § 1332. The controversy is whether plaintiff's complaint alleges the requisite jurisdictional amount. We think it does.

Returning briefly to our prior decision, it is notable that there we did *not* hold that plaintiff had not alleged the requisite jurisdictional amount. We held only that because jurisdiction was quasi in rem in nature, recovery was limited to the amount of the res within the control of the Court, which was less than $10,000.00, and therefore plaintiff could not legally recover the requisite jurisdictional amount. George v. Lewis, supra, 204 F.Supp. at 383–385. As we have noted above, this action is no longer based on jurisdiction quasi in rem. We look, therefore, to the complaint for the measure of recovery. In our prior decision we noted that "The object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." George v. Lewis, supra, 204 F.Supp. at 382. The object of plaintiff's complaint is clearly twofold in nature: (1) he seeks judgment in the amount of $8,600.00 for alleged accrued pension benefits and hospitalization coverage, and (2) he prays for an Order directing defendants to place him on the pension rolls. The value of the Order which plaintiff seeks may properly be considered in determining whether the jurisdictional amount is satisfied. See cases cited in George v. Lewis, supra, 204 F.Supp. at 382. The value of this Order, when added to the Judgment of $8,600.00 prayed for, clearly raises the amount in controversy above $10,000.00 exclusive of interest and costs. As defendants have demonstrated in their brief in opposition to the motion to remand, the pension benefits computed to the date service of process was obtained upon Dr. Dorsey (the only person upon whom process has been served) bring the recovery sought above the minimum jurisdictional amount. Even if that were not so, we think it would still be proper to

consider the monetary value of claimant's future pension rights as measured by his life expectancy in determining whether the jurisdictional amount has been satisfied. In either event, we think it evident that the requisite amount is in controversy. Plaintiff's motion to remand must therefore be denied.

■ Defendants' motion to dismiss for lack of jurisdiction over the subject matter of the suit—the administration of a trust—will next be considered. The essence of this argument is that the Trust Fund is an irrevocable trust of movables with its situs in the District of Columbia and that its administration may be supervised only by the Courts of the District of Columbia. Granted, at least arguendo, that the Trust Fund is an irrevocable trust situated in the District of Columbia, we think defendants' conclusion that any suit relating to its administration can be brought only in the District of Columbia is too broad. In so deciding, we are aware that there are some decisions in which this specific question involving this same Trust Fund has been decided which can be construed in support of defendants' argument. See, e. g., Wilder v. United Mine Workers of America, 346 S.W.2d 27 (Ky.1961); Hobbs v. Lewis, 197 Tenn. 44, 270 S.W. 2d 352 (1954); United Mine Workers of America, Local Union No. 5834, of Thealka v. Daniel, 317 S.W.2d 183 (Ky. 1958); Lewis v. Hogwood, 300 F.2d 697 (D.C. Cir. 1962). (The unreported cases cited by defendants are not available to the Court and have not, consequently, been considered.) After a review of the authorities, we think the better rule to be the contrary. See Rittenberry v. Lewis, 222 F.Supp. 717 (E.D.Tenn.1963); Pavlovscak v. Lewis, 168 F.Supp. 839 (W.D. Pa.1958), aff'd, 274 F.2d 523 (3rd Cir. 1960), cert. den., 362 U.S. 990, 80 S.Ct. 1078, 4 L.Ed.2d 1023 (1960); Myhalyk v. Lewis, 398 Pa. 395, 158 A.2d 305, 88 A.L.R.2d 486; Stampolis v. Lewis, 186 Pa.Super. 285, 142 A.2d 348, cert. den., 359 U.S. 907, 79 S.Ct. 582, 3 L.Ed.2d 572 (1959). And see generally Annotation, 88 A.L.R.2d 493, 502–505 (1963).

■■ In rejecting defendants' ultimate conclusion, we note agreement with that phase of their argument which contends that all matters relating to administration of the trust are to be determined by the law of its situs. See Restatement (Second), Conflict of Laws, Section 297 (Tentative Draft No. 5 April 24, 1959). This, however, is a question of choice of law, not of jurisdiction. We are also in agreement with defendants that, as a general proposition, the interests of all are *usually* best served by confining judicial action relating to trust administration to courts in the state of the situs. We do not think, however, that *all* interests are *always* best served by confining judicial action to the situs state. The amended rule of the Restatement appears most reasonable: "The administration of a trust of interests in movables is *usually* supervised by the courts of the state whose local law governs the administration of the trust." Restatement (Second), Conflict of Laws, Section 299 and Reporters Note thereto (Tentative Draft No. 5, April 24, 1959) (Emphasis added). See also Section 108a(2) and Comments c and d thereto (Tentative Draft No. 4, April 5, 1957). The possibility that suit may be brought by a beneficiary against his trustee in a state other than the situs is also recognized in the Restatement (Second) of Trusts, Section 199 and Comment f thereto (1959).

It is notable that several of the cases relied on by defendants rest in large part upon the older rule of the Restatement. See, e. g., Wilder v. United Mine Workers of America, Local Union No. 5834, of Thealka, supra, and Hobbs v. Lewis, supra. Both cases explicitly cite and rely on Section 299 of the Restatement of Conflict of Laws (1934) which provides that "The administration of a trust of movables is supervised by the courts of that state only in which the administration of the trust is located." That Section has since been modified, as quoted above, recognizing that under certain circumstances a suit outside of the situs state is not only possible, but is in the best interests of justice. In Rittenberry

v. Lewis, supra, the most recent case dealing with the question, the Court in·dicates that the rationale of the cases relied on by defendants actually rests on the doctrine of forum non conveniens. The Court then goes on to indicate that its conception of the policy involved calls ·for accepting local jurisdiction. We find ·the Court's reasoning persuasive:

> "When a trust seeks to operate upon a nationwide basis, as does the Welfare Fund here, with 1,500,000 beneficiaries scattered across the nation, it is difficult to understand how a rule of convenience in the law of administration of trusts could so dominate the judicial mind as to cause it to disregard the rights and convenience of 1,500,000 beneficiaries across the nation in favor of a rule that accords a theoretical uniformity of instruction to the trustee. Under such a rule the Fund could locate in Hawaii, where presumably no miners live, and for all practical purposes escape any court supervision of the rights of the beneficiaries. To a destitute and disabled miner in Tennessee, Washington, D. C. can be about equally as unavailable as Hawaii." Rittenberry v. Lewis, supra, 222 F.Supp. at 721–722.

A similar expression of policy is found in the Pennsylvania decisions:

> "If, as the appellant argues, the Fund is amenable only to the courts of the District of Columbia, then those for whom the Fund was created would have to process and litigate their claims in a forum far distant from their places of residence; the obvious consequence would be to impose upon them a harsh and unnecessary burden and necessitate the expenditure of considerable time and money on their part." Myhalyk v. Lewis, supra, 158 A.2d at 310, 88 A.L.R.2d 486.

If proper service of process is obtained in accordance with state law, affording defendants reasonable notice and an opportunity to be heard, there is no con-stitutional objection to such a suit. Pavlovscak v. Lewis, supra, and Rittenberry v. Lewis, supra. We therefore reject. defendants' contention that this Court has no jurisdiction over the subject matter of the suit and that they may be sued only in the District of Columbia.

Whether this Court has or can obtain jurisdiction over the defendants in this action presents a difficult question which is quite different from that considered above. In our discussions above, we have repeatedly referred to and treated the Trust Fund as a Trust in the traditional sense of that word. In point of fact, however, the cases are far from unanimous on that point. The Fund has been called an unincorporated association by the lower Pennsylvania Courts, Pavlovscak v. Lewis, supra, relying on Stampolis v. Lewis, supra. The appellate Courts in that State have, however, rejected that designation and now characterize it as "a similar entity" to a foreign corporation within the meaning of the Pennsylvania Rules of Civil Procedure, Myhalyk v. Lewis, supra, a characterization acknowledged and accepted by the Third Circuit in the Petition for Rehearing in the Pavlovscak case. Pavlovscak v. Lewis, 274 F.2d 523 (3rd Cir. 1960). On the other hand, the characterization of the Fund as an unincorporated association was uncompromisingly rejected in a well reasoned opinion in Yonce v. Miners Memorial Hospital Ass'n, 161 F.Supp. 178 (W.D.Va.1958) in which the Court found as a matter of law that the Fund was a Trust as such. In the Sixth Circuit, the Fund has been characterized as "sui generis * * * [but] similar in some respects to charitable trusts." Lewis v. Benedict Coal Corporation, 259 F.2d 346, 355 (6th Cir. 1958). In Kentucky, it has been held that "the Fund is in fact a trust and not simply an association which might be properly served under C.R. 4.104." Wilder v. United Mine Workers, 346 S.W.2d 27, 29 (Ky.1961). The most recent decision in Tennessee regards the Fund as a "non-resident trust" within the meaning of a Tennessee statute which was pretty clearly amended in

1963 to reverse earlier Tennessee decisions holding that the Fund was not amenable to suit in that State. See Rittenberry v. Lewis, supra.

It has been suggested that Modern developments may well compel treating trusts as a new type of juristic person—especially when the characteristics of the particular trust in question, as is true here, bear little real similarity to the classic trust in operation. See Ehrenzweig, Conflict of Laws, Section 150 (1952). Tennessee would appear to have taken steps in this direction by statute. See Rittenberry v. Lewis, supra. Pennsylvania has done so by construction of a very broadly worded statute. See Myhalyk v. Lewis, supra. There must, however, be a legislative basis for such treatment. The basic issue then remains whether this Trust Fund can be considered to be within the contemplation of any Colorado statutes or Rules providing for substituted or constructive service of process.

The Restatement indicates that a state has jurisdiction over the trustees of a trust (or over an unincorporated association or a foreign corporation) under the same circumstances as support the exercise of jurisdiction over individuals. Restatement (Second), Conflict of Laws, Section 108a(2) (Tentative Draft No. 4, April 5, 1957), Sections 86, 88 (Tentative Draft No. 3, April 19, 1956). These circumstances are outlined in Sections 78–85 of the Restatement (Second) of Conflicts. They encompass respectively "presence within the State," "domicile," "consent," "appearance as defendant," "appearance as plaintiff," "act done or caused to be done," "ownership of thing," and "doing business in state."

■ In essence, these Sections are an elaboration of the basic inquiry whether the trustees (or the Trust Fund) have such a relationship with the forum state as to make the exercise of jurisdiction over them reasonable. Restatement (Second), Conflict of Laws, Section 74 (Tentative Draft No. 3, April 19, 1956). This is a constitutional question. See International Shoe Co. v. State of Washington etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), McGee v. International Life Insurance Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957), and our own recent discussion in Elliott v. Cabeen, 224 F.Supp. 50 (D.Colo.1963). Two preliminary questions must, however, be resolved before this constitutional question even becomes relevant:

> "(1) Assuming that legislative jurisdiction exists, has the state *exercised* it by providing the courts with a method for acquiring jurisdiction?
> (2) If a method has been so provided, are there sufficient jurisdictional facts to satisfy the requirements of the method provided?" Elliott v. Cabeen, supra, 224 F.Supp. at 52.

The constitutional question is not often reached, for many states appear not to have gone far enough in providing for methods of acquiring jurisdiction as to raise it. Colorado would seem to fall into that category. See discussion and authorities cited in Elliott v. Cabeen, supra, especially at pp. 57–59 of 224 F.Supp. But cf. Clemens v. District Court, Colo., 390 P.2d 83 (Feb., 1964).

Since plaintiff chose not to reply to defendants' motion to quash return of service of summons on Dr. Dorsey, apparently relying entirely on his motion to remand, the Court has not been apprised of the statute, rule, or theory on which he relies to bring defendants within the jurisdiction of this Court. Leaving aside the question whether provisions of Colo.R.Civ.P. 4(e) pertaining to substituted service of process are applicable at all to a non-resident defendant, cf. Elliott v. Cabeen, supra, we have found no part of that Rule which could be stretched far enough to bring defendants within its scope. Nor have we found any Colorado statute which would do the job. Colorado has neither a statute which specifically refers to a non-resident trust fund as in Tennessee, see Rittenberry v. Lewis, nor a broad statute which can be reasonably construed to cover a non-resident trust fund as in Pennsylvania, see Myhlalyk v. Lewis, supra. Service of process on Dr. Dorsey does not, there-

fore, confer jurisdiction over the defendants in this action.

■ Though this question was not raised by the parties, it is proper to note here that neither defendants' removal of this action to this Court nor its several motions attacking jurisdiction constitute a general appearance or a waiver of defects in service of process. George v. Lewis, supra, 204 F.Supp. at p. 384 and authorities cited therein, and Restatement (Second), Conflict of Laws, Section 82 comment *f* (Tentative Draft No. 3, April 19, 1956).

It is ordered that plaintiff's motion to remand be, and the same hereby is, denied, and it is further

Ordered that defendants' motion to dismiss be, and the same hereby is, denied, and it is further

Ordered that defendants' motion to quash the return of service on Dr. Dorsey be, and the same hereby is, granted.