HENRY COUNTY *et al. v.* STANDARD OIL Co. *et al.*

*(Jackson.* April Term, 1934.)

Opinion filed May 31, 1934.

BURCH, MINOR & McKAY, HOLMES, CANALE, LOCH & GLANKLER, all of Memphis, and BASS, BERRY & SIMS, of Nashville, for appellants.

R. H. RHODES, of Paris, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The county trustee sues to recover from defendant oil companies certain funds alleged to have been collected by them pursuant to section 14, chapter 125, Private Acts 1931, which act required each wholesale dealer doing business in the county to collect "two cents tax on each gallon of gasoline sold in said County" and to report and pay over to the trustee monthly these collections. However, the bill showing that this Act of 1931 had been adjudged unconstitutional within thirty days after its passage, demurrers were filed on this and other grounds, which the chancellor overruled and granted this appeal.

The substance of the defenses presented by the demurrers is (1) that the only basis alleged for the right of recovery is a void act, which confers no rights; (2) that the rights, if any, to the fund is in those from whom it was collected under this void act, and in no event in complainants. Defendants also invoked the "due process of law" and "law of the land" constitutional provisions.

The demurrers must be sustained. It is well settled that an unconstitutional act is not a law, and imposes no obligations and confers no right of recovery. It is "inoperative as though it had never been passed." *Norton* v. *Shelby County,* 118 U. S., 425, 6 S. Ct., 1121, 1125, 30 L. Ed., 186; *Lynn* v. *Polk,* 8 Lea, 130; 12 C. J., pages 800-801.

Estoppel is relied on for appellees, the county and its trustee, on the ground that the defendants have collected and hold moneys belonging to the complainants and may not in good faith retain such funds. But, as

well said for appellants, in reply, "while estoppel may be urged for the protection of a right, it can never create a right." This view was expressed by this court in *McLemore* v. *Charleston & M. Railroad Co.,* 111 Tenn., 663, 69 S. W., 338.

Neither *State* v. *O'Brien,* 94 Tenn., 79, 28 S. W., 311, 26 L. R. A., 252, nor *Pointer* v. *Smith,* 7 Heisk., 137, sustain this theory of estoppel on the facts of the instant case. In the O'Brien Case this court properly held that an agent of a foreign corporation prosecuted for embezzlement of its funds in Tennessee could not defend on the ground that the foreign corporation, whose moneys he had collected and appropriated, had not complied with our statutory requirements for doing business in this State. Here the complainants have no constitutionally sound legal basis for a claim to ownership of the funds in question. This applies, also, to the Pointer Case, wherein Smith, as agent for Pointer, had collected money for him and was not permitted to defend on the ground that his agency appointment was illegal.

*Roberts* v. *Roane County,* 160 Tenn., 123, 23 S. W. (2d), 239, is without application. While in that case estoppel was applied against the recovery back of salary paid under an act afterward declared unconstitutional, the general rule, which *Norton* v. *Shelby County, supra,* has herein been cited as sustaining, was fully approved. The exception recognized "that parties may so deal with each other upon the faith of such a statute that neither may invoke the aid of courts to undo what they themselves have done," has no application here, where there have been no dealings between the parties in suit, and where no funds have passed and no equities arisen. Estoppel was applied to cut off a recovery of funds, not

to supply a basic ground for the assertion of a right of recovery, otherwise wanting.

It may be added that defendants did not voluntarily act as agents for the county and make these collections for the county. It does not lie in the mouth of one, who under a contract of agency, collects money for another, to deny the title of his principal to the fund, even though, in the first instance, the principal had no legal right to such fund. *Pointer* v. *Smith, supra; Brooks* v. *Martin,* 2 Wall, 79, 17 L. Ed., 732.

Section 15 of chapter 125 of the Private Acts of 1931, makes it an offense, punishable by fine and imprisonment, for the dealer to fail to collect and report the tax levied by section 14 of that act. The defendants, therefore, acted under compulsion in making these collections. They did not thereby recognize the right of the county to collect the tax nor assume a relationship to the county incompatible with their position in this case.

What are the rights of those persons from whom the fund made up of this two cents a gallon tax, is not a question for determination in this cause.

The decree must be reversed and the suit dismissed.