Mary Helen GAMBRELL, Appellant,

v.

John L. LEWIS, Josephine Roche and Henry G. Schmidt, Trustees; United Mine Workers of America Welfare and Retirement Fund, Appellees.

No. 2661.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 19, 1960.

Decided Jan. 31, 1961.

Steven A. Winkelman, Washington, D. C., with whom Wallace M. Cohen, Washington, D. C., was on the brief, for appellant.

Edward L. Carey, Washington, D. C., with whom Val J. Mitch and Charles L. Widman, Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code §. 11–776(b).

CAYTON, Acting Judge.

The widow of a mine worker sued for death benefits allegedly due her from the United Mine Workers of America Welfare and Retirement Fund. Trial resulted in. judgment against her, and she has appealed.

For several years appellant's husband worked in a mine operated by a company signatory to the National Bituminous Coal Wage Agreement of 1950, under which the Fund was created.[1] In November 1953. the mine was closed for economic reasons. He found work with another mining company which was not a signatory to the Agreement and shortly thereafter, on November 25, 1953, was killed in a mine accident. The question is whether decedent's. widow is entitled to benefits from the Fund which was admittedly established for employees of operators signatory to the Agreement.

Appellant bases her claim largely on the fact that prior to leaving the first mine decedent had paid his union dues for the entire month of November 1953. But union membership is not the controlling test or the criterion of eligibility to participate in the Fund. The Agreement provides that all employees be union members where possible, but mere membership in a union would not make a former employee of a signatory operator a beneficiary of

1. The Fund is in the form of a trust agreement, created pursuant to the Labor Management Relations Act of 1947, 61 Stat. 157, 29 U.S.C.A. § 186(c) (5).

the Fund; he would have no better standing than a unionized employee of a non-signatory operator. The Fund is not financed by dues from union members, but by payment of a stipulated amount per ton of coal produced by each signatory operator.

A few months ago we had occasion to discuss the creation operation and administration of the Fund. Barlow v. Roche, D.C.Mun.App., 161 A.2d 58 (appeal denied by the United States Court of Appeals, No. 15, 951, October 7, 1960). We refer to that decision for the general standards to be used by courts in reviewing action of the Trustees in denying claims.

Appellant argues that while employed by the signatory operator her husband helped to produce the coal upon which his employer's contribution to the Fund was based, and that he thereby acquired a vested right in the Fund extending beyond the period of that employment.[2]

We must hold that the act of qualifying as eligible is the essential factor creating a beneficiary's rights under the Agreement. And we see no escape from the conclusion that such factor was lacking here because the decedent met his death while employed by a mine operator who was not a signatory to the Agreement. The fact that he enjoyed rights in the Fund at one time does not serve to perpetuate his eligibility or carry it over into a time when he was not actually qualified as an employee of a signatory operator

It would serve no purpose to discuss the various cases dealing with the discretion vested in the Trustees of this Fund, and the power of courts to limit the arbitrary and capricious exercise of that discretion. It is enough to say that the basic aim of the trust Agreement is to care for employees (or their dependents) of signa-

tory operators who contribute to the Fund. It is fundamental to that purpose and entirely reasonable in furthering the proper management of the Fund to say that one who is not employed by a contributing operator should not share in the benefits of it. This is no mere technicality; it goes to the heart of the matter.

It is unfortunate that appellant's husband lost his former employment and was killed in another mine only four days after he began work there. But from that situation there cannot be fashioned a legal right to share in the Fund any more than if he had left voluntarily and been killed several weeks or months later.

Appellant has assigned as error a ruling that she was not entitled to trial by jury. The ruling was a proper one, as we held in Barlow v. Roche, supra.

Affirmed.

2. Citing among others Kennet v. United Mineworkers of America, D.C.D.C., 183 F.Supp. 315, 318, where the court said that an "employee who meets the test of

eligibility" has "legal rights" in the Fund whether they are characterized as vested or inchoate.