Charlie **RITTENBERRY**

v.

**John L. LEWIS, Josephine Roche, and Henry G. Schmidt, Trustees of the United Mine Workers of America Welfare and Retirement Fund.**

**No. 4104.**

United States District Court
E. D. Tennessee, S. D.

Feb. 9, 1965.

See also D.C., 222 F.Supp. 717.

H. H. Gearinger, Moore, Gearinger & Swafford, Chattanooga, Tenn., for plaintiff.

E. H. Rayson, Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This case is before the Court upon motions for summary judgment filed upon behalf of both the plaintiff and the defendants. The initial motion for summary judgment was filed on behalf of the defendants. It asserts that no genuine issue of fact exists but that the plaintiff was employed by an employer who was not a signatory to the National Bituminous Wage Agreement at the time of the plaintiff's retirement, and that the plaintiff as a matter of law is therefore not a beneficiary under the United Mine Workers of America Welfare and Retirement Fund of 1950. The motion for summary judgment filed on behalf of the plaintiff asserts that no genuine issue of fact exists but that the plaintiff met all eligibility requirements for a pension lawfully and properly in effect as of the date of his application for a retirement pension, and that subsequent-

ly imposed conditions could not form any legal basis ·for denying the plaintiff's pension claim. Affidavits, exhibits, and the response of the defendants to plaintiff's requests for admissions are relied upon by each party in support of its motion and in opposition to the opponent's motion.

Taking up for consideration first the motion of the defendants for summary judgment, the following matters appear undisputed in the record. The United Mine Workers of America Welfare and Retirement Fund of 1947 was established under the terms of the National Bituminous Wage Agreement of 1947, and was expressly created pursuant to Section 302 of the Labor Management Relations Act, 1947, 29 U.S.C. § 186. The plaintiff filed an application with the Fund for a retirement pension, the application being dated April 23, 1949, but being actually submitted to the Fund upon July 21, 1949. Before the plaintiff's application was acted upon, however, the trustees had suspended all payments from the 1947 Fund, this being done under date of September 17, 1949. Thereafter the United Mine Workers of America Welfare and Retirement Fund of 1950 was established under the terms of the National Bituminous Wage Agreement of 1950, which likewise expressly relied upon Section 302 of the Labor Management Relations Act, 1947, 29 U. S.C. § 186, as authority for creation of the trust.[1] A denial of the plaintiff's application was issued upon May 25, 1950, upon the stated ground that the plaintiff had not established proof of employment for one year in the bituminous coal industry immediately preceding retirement, a condition which did not exist under the 1947 trust and was first imposed by resolution of the 1950 trust. The plaintiff filed a lawsuit in the

---

1. An issue of fact exists as to the relationship between the 1947 trust and the 1950 trust, it being contended by the defendants that the 1950 trust is a separate legal entity from the 1947 trust and it being contended by the plaintiff that a merger occurred between the two funds, with the rights of beneficiaries under the 1947 trust being preserved in the 1950 trust. For the purpose of the defendants' motion for summary judgment, however, this dispute of fact is not relevant, the relevant fact being that both the 1947 trust and the 1950 trust were created pursuant to Section 302 of the Labor Management Relations Act, 1947.

United States District Court for the District of Columbia in 1958 asserting his right to a retirement pension and at that time the defendant asserted as a further ground for denying the pension that the plaintiff was not employed by an employer who was a signatory to the National Bituminous Coal Wage Agreement at the time of his retirement. In this regard it appears undisputed in the record that the plaintiff's employer at the time of his retirement in 1949 was the V. M. McNeese Coal Company and that the said coal company was not at that time a signatory to the National Bituminous Coal Wage Agreement. It further appears undisputed that the plaintiff was not employed at any time prior to his retirement by an employer who was a signatory to the National Bituminous Coal Wage Agreement during the period of his employment. The plaintiff took a voluntary dismissal of his action in 1962 in the United States District Court for the District of Columbia and instituted this action in this court.

In response to the defendants' motion for summary judgment, the plaintiff denies that the employment by a signatory of the National Bituminous Coal Wage Agreement upon the date of retirement is a legally imposed requirement for becoming a beneficiary under the trust and further contends that the defendant is now estopped to assert such requirement since no such ground for denial was asserted by the trustees at the time of the original denial of his claim in 1950.

■ Upon this state of the record the Court is of the opinion that the defendants' motion for summary judgment must be sustained. In view of the fact that it is undisputed that the plaintiff was never employed by an employer who was a signatory to the National Bituminous Coal Wage Agreement, it is the opinion of the Court that he could not, as a matter of law, qualify as a beneficiary under the trust. This conclusion is reached upon the basis of the language contained in Section 302 of the Labor Management Relations Act, 1947, 29 U.S.C. § 186.

In arriving at this opinion it is unnecessary for the Court to seek to resolve the relationship between the 1947 trust and the 1950 trust, for each trust was expressly made subject to Section 302 of the Labor Management Relations Act. Likewise, it is not necessary for the Court to pass upon the legality of the requirement sought to be imposed by the trustees that a pension applicant, to qualify as a beneficiary, must have been employed by a signatory employer upon the date of retirement, for it is here undisputed that the plaintiff had never been employed by a signatory employer.

■ In determining the plaintiff's claim to status as a beneficiary under either the 1947 trust or the 1950 trust, the Court must look first to the relevant statutory language in Section 302 of the Labor Management Relations Act, for both the National Bituminous Coal Wage Agreement of 1947 and the National Bituminous Coal Wage Agreement of 1950 expressly rely upon Section 302 as authority for the establishment of the trust therein created. While each of the National Bituminous Coal Wage Agreements speaks of beneficiaries both in terms of being employees of the operator and in terms of being members of the union, the following language is included in each agreement:

"It is agreed that this Fund is an irrevocable trust created pursuant to Section 302(c) of the Labor-Management Relations Act, 1947, and shall endure so long as the purposes for its creation shall exist. \* \* \* Subject to the stated purposes of this Fund, the trustees shall have full authority, within the terms and provisions of the Labor-Management Relations Act, 1947, and other applicable law, with respect to questions of coverage and eligibility, priorities among classes of benefits, amounts of benefits, methods of providing or arranging for provisions for benefits, investment of trust

funds, and all other related matters."

Section 302, after forbidding payments by employers to unions, provides as follows:

"(c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund established by such representative for the sole and exclusive benefit of the *employees of such employer,* and their families and dependents (*or of such employees, families, and dependents jointly with the employees of other employers making similar payments,* and their families and dependents) * * *." (Emphasis supplied.)

It is apparent from the foregoing language that the trust authorized by Section 302 were for the payment of benefits to employees of employers lawfully making contributions to union welfare trusts. Both the legislative history of the Act and reason support this conclusion. That one who had never been an employee of a contributing employer might claim as a beneficiary of the trust merely by reason of being employed in the industry or by reason of union membership would obviously prevent any trust from being established upon a financially or actuarially sound basis. For it would be equivalent to permitting a person who had not been a party to a group insurance plan and for whom no premium contribution had ever been made, to nevertheless claim the status of an insured.

This Court's conclusion that only employees of signatory and contributing employers may qualify under Section 302 (c) as beneficiaries of a union welfare trust fund appears to be supported by the holdings of other Courts where a similar issue was involved. Smith v. Lewis, (D.C., D.C., Civil Action 5325–53; Bolgar v. Lewis, (D.C., W.D.Pa.) 238 F.Supp. 595; Gambrell v. Lewis, (Mun. Ct. of App., D.C.) 167 A.2d 605. The case of Penello v. International Union, United Mine Workers of America, (D.C.,

D.C., 1950) 88 F.Supp. 935, does not, as contended by the plaintiff, require a different result. Rather, that case merely prevents a denial of benefits to nonunion members who are employees of a contributing employer.

The plaintiff's contention that since the defendant had not asserted in support of its original denial of the plaintiff's claim the ground that the plaintiff was never an employee of a contributing employer, the defendant would now be estopped to assert such ground is believed to be without merit. Chicago & N. W. Ry. Co. v. Peoria & P. U. Ry. Co., (D.C., S.D.Ill., 1962) 201 F.Supp. 241, affirmed (C.A.7) 319 F.2d 117; Smale & Robinson, Inc. v. United States, (D.C., S.D.Cal.) 123 F.Supp. 457; Henry County v. Standard Oil Co., 167 Tenn. 485, 71 S.W.2d 683, 93 A.L.R. 1483; American Life Ins. Co. of Ala. v. Hutcheson, (C.A.6) 109 F.2d 424.

Having concluded that the defendants' motion for summary judgment should be sustained, it will be unnecessary for the Court to consider further the plaintiff's motion for summary judgment. A judgment will accordingly enter dismissing the plaintiff's cause of action.