George Henry DERSCH, Plaintiff,

v.

UNITED MINE WORKERS OF AMER-
ICA WELFARE AND RETIRE-
MENT FUND, Defendant.

No. EV 69-C-47.

United States District Court
S. D. Indiana,
Evansville Division.

Nov. 20, 1969.

Arthur Griffith, Evansville, Ind., for plaintiff.

Welly K. Hopkins, Harold H. Bacon, Washington, D. C., McCray, Clark, Statham & McCray, Evansville, Ind., for defendant.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This cause comes before the Court on the motion of W. A. Boyle, C. W. Davis and Josephine Roche, as Trustees of the named defendant United Mine Workers of America Welfare and Retirement Fund of 1950 ("the Fund") to dismiss, or in lieu thereof, to quash the service of process herein. Various points are presented, which will each be discussed despite the lack of assistance from plaintiff, who has failed to file an answer brief as required by local rule 7 of this Court.

Plaintiff is a retired coal miner and member of the United Mine Workers of America (U.M.W.A.) according to his complaint. He claims to be a beneficiary of the Fund and entitled to past and future retirement benefits for which he has applied and been refused. The action, filed in the Superior Court of Vanderburgh County, Indiana, seeks damages of $9,999.00 and a continuing pension. The Trustees removed it to this Court on the theory that, if entitled at all, plaintiff would be entitled to recover substantially more than $10,000.00, exclusive of interest and costs; such allegation has not been traversed, and no motion to remand has been filed. Plaintiff and all Trustees of the Fund, which has its business situs in Washington, D. C., are citizens of different states, so that this Court has jurisdiction of the action pursuant to Title 28 U.S.C. § 1332(a) in the absence of special factors.

### The Trust Is Not a Suable Entity

The Fund is an irrevocable trust created by the Trust Instrument contained in the National Bituminous Coal Wage Agreement of 1950, pursuant to the authority and terms of Section 302(c) (5), Labor Management Relations Act, Title 29 U.S.C. § 186(c) (5). Many court decisions recognize the Fund to be a trust. Lewis v. Benedict Coal Corp., 361 U.S. 459, 80 S.Ct. 489, 4 L. Ed.2d 442; Kosty v. Lewis, 1963, 115 U.S.App.D.C. 343, 319 F.2d 744; Lewis v. Quality Coal Corporation, 7 Cir., 1957, 243 F.2d 769.

Inasmuch as the Fund is a trust, it may not be sued as an entity, but rather the action must be brought against the Trustees thereof individually. Yonce v. Miners Memorial Hospital Ass'n, W.D. Va., 1958, 161 F.Supp. 178. It follows that the motion to dismiss on the ground that the Fund is not a suable entity is well taken.

### Jurisdiction of This Court Over a "Trust of Movables"

It is argued by the Trustees that since the Fund is a trust with its place of business in Washington, D. C., and that its res consists solely of personal property located only in the District of Columbia, it is a trust of movables, the administration of which may be reviewed only by the courts of the District. Although some courts have agreed with this position, I do not believe it to be sound in view of the nature and method of operation of this particular trust.

As a matter of fact, the Fund does not appear to be supervised in a formal sense by any court anywhere as would be true, for example, in the case of a testamentary trust regularly docketed in a court of probate jurisdiction. On the contrary, the document creating the Fund provides:

"Subject to the stated purposes of this Fund, the Trustees shall have full authority, within the terms and provisions of the 'Labor-Management Rela-

tions Act, 1947', and other applicable law, with respect to questions of coverage and eligibility, priorities among classes of benefits, amounts of benefits, methods of providing or arranging for provisions for benefits, investment of trust funds, and all other related matters."

In analyzing the scope of judicial review which the courts of the District of Columbia may exercise with respect to the Fund, in view of the broad grant of power to its Trustees, the Court of Appeals for the District of Columbia Circuit has held that the same is limited to a determination of whether the action of the Trustees in a given case was arbitrary and capricious. Kosty v. Lewis, 1963, 115 U.S.App.D.C. 343, 319 F.2d 744; Danti v. Lewis, 1962, 114 U.S. App.D.C. 105, 312 F.2d 345. In other words, the Trustees are not required to, and do not operate generally under the supervision and direction of a court, as would be true in the case of many more conventional trusts.

Equally to the point, jurisdiction to hear the claims of aggrieved coal miners has not been limited in the District of Columbia to one particular court, but on the contrary, cases have been initiated both in the United States District Court, cf. Hobbs v. Lewis, D.C., 1958, 159 F. Supp. 282; Harper v. Lewis, D.C., 1960, 186 F.Supp. 285, and in the Municipal Court for the District of Columbia (now District of Columbia Court of General Sessions), cf. Barlow v. Roche, Mun.Ct. App.Dist.Col., 1960, 161 A.2d 58; Gambrell v. Lewis, Mun.Ct.App.Dist.Col., 1961, 167 A.2d 605. It thus appears that the underlying rationale for § 299, Restatement, Conflict of Laws, relied on by defendant, namely the desirability of avoiding the giving of conflicting directions to trustees by two or more courts, is absent with regard to the Fund. To repeat, it simply does not take directions from any court, save as its decisions may be subjected to judicial review for the limited purpose mentioned.

Therefore, I am persuaded by what I consider to be the better reasoning as contained in such cases as Myhalyk v. Lewis, 1960, 398 Pa. 395, 158 A.2d 305, 88 A.L.R.2d 486, cert. den. 362 U.S. 989, 80 S.Ct. 1078, 4 L.Ed.2d 1022; Rittenberry v. Lewis, E.D. Tenn., 1963, 222 F. Supp. 717, aff'd., 1964, 333 F.2d 573; and George v. Lewis, D.Colo., 1964, 228 F.Supp. 725, that the "trust of movables" theory has no application, and that the mere fact that the Fund has its business situs, etc., in the District of Columbia would not, of itself, bar this Court from reviewing the action of the Trustees in a proper case, as is now done in at least Pennsylvania, Tennessee and Colorado.

### Location of the Trust Res

■ As noted briefly above, the Trustees contend that the assets of the Fund consist solely of cash, securities, and other personal property located in the District of Columbia. This is only a partial truth. It appears to be true that the Trustees keep their bank accounts and investments centered in the District. However, the Fund is not the ordinary trust which derives its income from invested capital. To the contrary, as the cases note, cf. Pavlovscak v. Lewis, 3 Cir., 1959, 274 F.2d 523; Myhalyk v. Lewis, supra; Rittenberry v. Lewis, supra, 222 F.Supp. at 720, and as the instrument creating the Fund discloses, the Fund is paid a royalty on every ton of coal mined in the United States by coal mining companies which recognize the U.M.W.A. as the bargaining agent for their employees. It was held in *Myhalyk* that the royalties owed the Fund by a Pennsylvania coal operator constituted a sufficient "res" to justify the attachment of its jurisdiction to review a claim similar to the one here at bar, and to support the garnishment of such account payable.

This Court knows judicially that there are several operating coal mines situate in the Southern District of Indiana, that all of the major coal operators in this State recognize the U.M.W.A. as exclusive bargaining agent for their employees, and that such coal operators, in

the aggregate, pay to the Fund millions of dollars per year in royalties. Therefore, a not insignificant part of the trust res is generated and may be found in this District. The Trustees have not hesitated to invoke the jurisdiction of this Court to collect royalties due to the Fund. Lewis v. Quality Coal Corporation, supra.

Because of the daily accruing presence in Indiana of a substantial part of the trust res, as a legally enforceable obligation of Indiana coal operators to the Fund, it is apparent that Indiana has an interest in the Fund and its potential Indiana beneficiaries sufficient to open the doors of courts situate therein to Indiana citizens who assert equitable rights against the Trustees.

### Personal Jurisdiction

 It is correct, as contended, that personal jurisdiction over the Trustees has not been acquired, and that the service of process herein should be quashed.

The only service of process attempted was service on the Fund, as distinguished from the Trustees individually, and such attempted service was made on the Secretary of State of the State of Indiana. Although provision is made in Indiana law for service upon the Secretary of State in certain cases involving foreign corporations and nonresident motorists, Burns Indiana Statutes Ann., §§ 25–316, 47–1043, I know of no statutory authority for obtaining service on nonresident Trustees in such a manner in a case of this type. The service of process on the Secretary should accordingly be quashed.

### Ultimate Venue of the Action

 This Court has jurisdiction of the subject matter of the action. Whether or not plaintiff will be able to secure personal service on the Trustees in the Evansville or some other Division of this Court pursuant to Burns Indiana Statutes Ann., § 2–703, cannot be determined at this time. At the very least, however, it appears that plaintiff could proceed in an action quasi in rem pursuant to Burns' Indiana Statutes Ann., §§ 3–501 et seq., and 2–807 Third.

### ORDER

The motion of the Trustees to quash the service of process herein is sustained, and such service is quashed. The motion of the Trustees to dismiss this action as to the Fund, as not being a suable entity, is sustained, and this action is dismissed, without prejudice. All other motions of the Trustees are overruled.

Plaintiff is granted leave to replead, and to substitute parties defendant, at any time on or before December 15, 1969.