■ LESTER W. SMITH, Respondent, v. JACK R. STEWART et al., as Trustees of the Pension Fund, Local 445 of the International Brotherhood of Teamsters, Appellants.— In an action, *inter alia,* for a judgment declaring that plaintiff is eligible for pension benefits from the Pension Fund of Local 445 of the International Brotherhood of Teamsters, defendants (the individual trustees of the pension fund) appeal from so much of an order of the Supreme Court, Westchester County, entered May 17, 1973, as denied their motion for summary judgment. Order affirmed, insofar as appealed from. with $20 costs and disbursements. The defendant board of trustees denied plaintiff credit for past service upon the ground that he, while a self-employed owner-operator in the vending machine industry *since 1951,* was not engaged in "covered employment" so as to entitle him to past service credits as defined under the rules and regulations of the pension fund. Plaintiff, however, in his verified complaint has alleged that "the defendants, either themselves, or through their officers, agents and employees have arbitrarily and capriciously declared the plaintiff to not be eligible for his pension benefits". He supports these allegations by his affidavit and that of the attorney for the New York State Operators Guild (vending machine company owners). The attorney avers that he is "fully familiar with all the proceedings involving the collective bargaining agreement which is the subject of this lawsuit". He states categorically that the so-called grandfather clause of the April 1, 1967 agreement, which provided for past service credit to be given "for service in the vending machine industry", was included in the collective bargaining specifically to provide for self-employed persons such as plaintiff who were both employer and employee. In essence, he states, the grandfather clause was a guild provision for the benefit of such operators. It was not a provision sought by the union. He states emphatically that the guild would never have entered into the April 1, 1967 agreement except upon the representation and statement of two of the pension fund's trustees, who were also on the union negotiating team, that plaintiff was eligible for past service credit. Section 5 of article IV of the rules and regulations of the pension plan provides that the decisions of the board of trustees in the application and interpretation of the pension plan shall be binding on all parties. It is true that the board has found that, according to its interpretations of the rules of the pension fund, plaintiff was not eligible for

past service credit, but this is not conclusive. The Court of Appeals has enunciated in *Gite'son* v. *Du Pont* (17 N Y 2d 46) that, notwithstanding the fact that a board is vested with sole authority to determine eligibility matters, a decision by it may be set aside if it can be shown that the board was motivated by bad faith or that its decision was arrived at by fraud or arbitrary action. Plaintiff in this case has raised an issue as to the arbitrariness of the board of trustees in its interpretation of the rules and regulations with respect to past service credit for service in the vending machine industry. In our opinion, Special Term properly ruled that plaintiff is entitled to a plenary trial on his allegations. While the burden confronting him is indeed heavy, he must have the opportunity to meet it in court (*Ashbee* v. *Brunie*, 19 A D 2d 826). There are other grounds mentioned in the dissenting memorandum in support of a reversal and the granting of defendant's summary judgment motion. However, no arguments with respect to those other grounds were advanced at Special Term and accordingly they are not properly raised before us for the first time on appeal. Christ, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse and to grant defendants' motion for summary judgment, with the following memorandum, in which Munder, J., concurs: From sometime in 1951 until March 29, 1967 plaintiff was self-employed as an owner/operator of a coin machine vending business in Orange County, New York. In 1958 the employees of the New York State Operators Guild joined Local 445 of the Teamsters Union. Plaintiff, as an owner/operator, joined this union and has paid dues since April of 1958. The applicable rules and regulations of the pension fund of Local 445 (as amd. through June 2, 1966) provide that an employee shall be eligible for a reduced pension if, at retirement, he shall have attained age 65 and have service credit for at least 15 years, but less than 25 years (art. II, § 3). Article III defines service credits (service credits consist of past service and future service). Past service means that an employee is entitled to service credit before the contribution date as the term "contribution date" is defined in section 9 of article I. Future service means receiving service credits for periods of covered employment after the contribution date as set forth in section 3 of article III. Section 5 of article I provides that the term "employee" means an employee who is covered by the conditions of a collective bargaining agreement of the union, which agreement provides for contributions to the pension fund to be made on his employment. Section 6 of article I states that the term "covered employment" means employment for which an employer is obligated to contribute to the pension fund and also means employment with an employer prior to the effective date of contribution under the Local 445 contract. The term "Contribution Date" means the first date for which an employer was or shall be obligated by a collective bargaining agreement to make contributions to the fund (art. I, § 9). Section 5 of article IV expressly provides that the decisions of the board of trustees in the application and interpretation of the pension plan shall be final and binding on all parties, including the union, the employees and the employers. In 1967 the union entered into a written agreement with various employers which provided in part that employees or participants in the pension fund would receive past service credit (toward eligibility requirements under the pension plan) "for service in the vending machine industry under the jurisdiction of Local 445 prior to April 1, 1967" a so-called grandfather clause. That agreement further provided that "in order for an employee or participant in the Pension Fund to receive past service credit, he must be credited with at least a minimum of one year of credited service in the form of employer contributions to the Fund during the 18 months following April 1,

1967 ". Apparently with a view toward qualifying for a pension, plaintiff, almost immediately after the 1967 agreement went into effect, became employed in the vending machine industry by a firm known as Modern Vending, which made contributions to the pension fund on his behalf. In December of 1970, after working for Modern Vending for over one year, he applied to the pension fund for pension benefits, to be effective January 24, 1971. The trustees, however, determined that he was not eligible for a pension under the rules and regulations of the pension fund because of insufficient service credit. Plaintiff, after receiving the rejection from the pension trustees, sought a declaratory judgment in this action as to whether he is entitled to pension benefits. The defendant trustees moved for summary judgment. Plaintiff's argument is that, based on the 1967 grandfather clause, he is entitled to receive credit for past service rendered in the vending machine industry as an owner-operator of a coin vending machine business from April 22, 1958, the date on which he joined Local 445, and that defendants have arbitrarily and capriciously declared him ineligible for pension benefits. Defendants, on the other hand, argue that for the period in which plaintiff was self-employed he was not engaged in " covered employment " and thus not eligible for past service credit under the rules and regulations of the pension plan. Special Term ruled that " the issue whether plaintiff is entitled to credit for the past service he asserts must be resolved at a plenary trial where, *inter alia,* testimony shall be elicited as. to the practical construction " of the 1967 agreement. In my opinion, Special Term erred in failing to grant defendants' motion for summary judgment for the following reasons. First, section 5 of article IV of the rules and regulations expressly provides that the decisions of the board of trustees in the application and interpretation of the pension plan shall be final and binding on all parties, including the union, the employees and the employers. The board determined that past service credit under the so-called grandfather clause " has always been deemed to refer to *service as an employee in a category for which the Union collectively bargained"* (emphasis supplied) and accordingly no service credit could be given to plaintiff during the period when he was self-employed. This decision by the board seems entirely reasonable — and without the slightest appearance of arbitrariness or bad faith. The argument advanced by plaintiff, which would permit pension benefits to be paid to owner-operators for whom no contributions were made through the years, if adopted by the board of trustees, would probably make the pension fund actuarily unsound (*Rittenberry* v. *Lewis,* 238 F. Supp. 506), in addition to possibly running afoul of Federal law (U. S. Code, tit. 29, § 186, subd. [c], par. [5]; see, also, U. S. Code, tit. 26, § 401 [Internal Rev. Code]). Secondly, assuming *arguendo* that plaintiff could prove arbitrariness or bad faith on the part of the board, that would at the very most mean that plaintiff should receive credit for past service from April 22, 1958 (when he joined the union) until January 24, 1971, and still leave him with less than 15 years' service credit—the very minimum necessary to receive a reduced pension. Nowhere in the verified complaint does plaintiff seek past credit back to a time earlier than 1958. Finally, plaintiff, in seeking to establish his eligibility, relies on the " grandfather clause " of the 1967 collective bargaining agreement. However, this agreement is not perforce incorporated as part of the pension plan. The pension plan, according to its terms, may be amended or modified by the board of trustees, but it must be done in accordance with the agreement and declaration of trust which created the pension plan. There has been no showing that the 1967 collective bargaining agreement was ever made a part of the pension plan — a failure of proof that is crucial.