■ ANTHONY J. MIRIGLIANO, Respondent, v LOCAL 259, UNITED AUTOMOBILE WORKERS, et al., Appellants.—In an action, *inter alia,* to declare that the defendants are obligated to pay the plaintiff's hospital bills under the provisions of an employee welfare plan, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated October 21, 1976, which, *inter alia,* granted plaintiff's motion for summary judgment. Order and judgment reversed, on the law, without costs or disbursements, and motion denied. The plaintiff-respondent is a member of the defendant-appellant labor union and, as such, is a beneficiary of a

welfare plan administered by the individual defendants-appellants as trustees. The plaintiff's son sustained injuries as the result of an accident and hospital bills for the injuries were rendered to the plaintiff in the sum of $33,086.42. The plaintiff seeks in this action a declaration that the defendants, under the plan, are responsible for the payment of the hospital bills, without requiring as a condition the assignment of any part of the proceeds received by way of settlement or judgment of a claim or cause of action asserted against third parties arising out of the accident. The plaintiff moved for summary judgment, stating that under the provisions of the welfare plan existing at the time of his son's accident there was no requirement that an assignment of a personal injury claim against a third party be made by a beneficiary to the plan as a condition to the payment of benefits thereunder and that such a requirement was adopted by the trustees following the submission by the plaintiff of the hospital bills to the trustees. The defendants opposed the motion on the ground that the provisions of the plan permitted a change or modification of the benefits by the trustees "from time to time as they in their discretion may determine", and that the trustees in adopting the requirement of an assignment in the event a claim is asserted by a beneficiary against a third party were motivated by a desire not to squander the assets of the plan through payment of bills which might be discharged by proceeds of the third-party claim. Contrary to the view expressed by Special Term, we consider the rights of the parties to be governed by trust principles, rather than by insurance principles. The plan's assets consist of funds received as the result of a collective bargaining agreement (see US Code, tit 29, § 186, subd [c], par [5]; see, also, Banking Law, art II-A; Insurance Law, art III-A) and consequently no insurance contract, as defined by subdivision 1 of section 41 of the Insurance Law, exists between the parties. The trustees of a welfare plan thus established may not act arbitrarily or in bad faith *(Gitelson v Du Pont,* 17 NY2d 46; *Smith v Stewart,* 45 AD2d 853, affd 38 NY2d 747; see, also, Goetz, Developing Federal Labor Law of Welfare and Pension Plans, 55 Corn L Rev 911, 926, 936-938). There are many factors involved in the administration of a welfare plan which vary in influence in the passage of time. "Because of this confluence of complex economic considerations, trustees of a fixed contribution trust fund must, in most circumstances, be accorded some discretion in determining questions of eligibility *and the precise contours of benefits to be awarded" (Bricklayers, Masons & Plasterers Int. Union of Amer., Local Union No. 15 v Stuart Plastering Co.,* 512 F2d 1017, 1026 [emphasis supplied]; cf. *Connors v Howard Stores Corp.,* 23 AD2d 686; *Friedman v Romaine,* 77 Misc 2d 134). We are unable to say that the trustees' action in requiring the assignment is arbitrary as a matter of law. We think that it presents a question of fact for the trial. Another question of fact is whether the requirement may be applied retroactively in the case of this plaintiff, whose claim for benefits, it may be inferred, was the actuating cause for the modification of the provisions of the plan (see Ann., 50 ALR3d 1270; and see the discussion concerning the collateral source rule in *Helfand v Southern Cal. R. Tr. Dist.,* 2 Cal 3d 1; Ann., 77 ALR3d 415). For these reasons, the order and judgment must be reversed and plaintiff's motion denied. Hopkins, J. P., Hawkins and O'Connor, JJ., concur; Rabin, J., dissents and votes to affirm the order and judgment on the opinion of Mr. Justice Hirsch at Special Term.