■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v LONG ISLAND COLLEGE HOSPITAL, as Assignee of HAROLD BRAITHWAITE, Respondent, et al., Defendants. — In an action for a judgment declaring the rights and obligations of plaintiff under a policy of insurance, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered October 22, 1980, which granted defendant Long Island College Hospital's motion for summary judgment and "ordered" that plaintiff is obligated to pay proper claims submitted under the no-fault provisions of the policy in question and that plaintiff afforded coverage to the defendant Jose Hernandez. Judgment affirmed, with $50 costs and disbursements. As Special Term correctly concluded, the motion papers submitted by defendant Long Island College Hospital established that plaintiff's confusion concerning whether the policy it issued to defendant Hernandez covered the vehicle involved in the accident was dispelled by August, 1975 or, at the latest, by October 21, 1975, when it sent a letter to Hernandez reserving its rights on the sole ground that he had delayed in notifying plaintiff of the accident. Plaintiff's opposition papers, which contained no affidavit from anyone with personal knowledge of plaintiff's investigation of the matter, set forth no excuse for the plaintiff's waiting until January 29, 1976 to send its notice of disclaimer. Accordingly, Special Term properly concluded that plaintiff's unexplained delay of at least three months' duration was unreasonable as a matter of law and precluded it from effectively disclaiming liability or denying coverage (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Plaintiff's contention that subdivision 8 of section 167 of the Insurance Law is inapplicable to the no-fault portion of the policy in question is raised for the first time on appeal and is not properly before this court (see *Smith v Stewart,* 45 AD2d 853; see, also, *Thomas v Government Employees Ins. Co.,* 61 AD2d 1044). Nevertheless, we observe that there is nothing in the terms of that provision which suggests that its application is restricted in the manner urged by plaintiff. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.