[Civ. No. 27998. First Dist., Div. Two. Nov. 24, 1971.]

GRACE E. PARK, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF PENSION TRUST FUND
FOR OPERATING ENGINEERS, Defendant and Respondent.

**COUNSEL**

McCaw & Barnum and Donald B. McCaw for Plaintiff and Appellant.

Johnson & Stanton, Thomas E. Stanton, Jr., McCarthy, Johnson & Miller and P. H. McCarthy, Jr., for Defendant and Respondent.

**OPINION**

**KANE, J.**—Plaintiff Grace E. Park appeals from the trial court's judgment dismissing her action upon the grounds that the decision of defendant Board of Trustees is binding and final.

Appellant is a widow whose husband, Robert D. Park, had been for more than 49 years immediately prior to his death a member of Operating Enginners, Local Union No. 3 of the International Union of Operating Engineers.

Said union and Northern and Central California Chapter, The Associated General Contractors of America, Inc., entered into a trust agree-

ment on December 30, 1959, providing for the establishment of a pension plan administered by respondent Board of Trustees.

Upon attaining 65 years of age, Mr. Park made a written application to respondent for retirement benefits on October 27, 1965. At the time of making said application, Mr. Park was in all respects qualified and entitled to maximum benefits under said pension plan.

On or about December 17, 1965, he was notified in writing by respondent that his application for a pension had been approved and his pension would start with the month of February 1966.

Mr. Park died on January 12, 1966, before the pension payments started. Appellant widow, a duly designated beneficiary under said plan, made a timely application to respondent to receive pension payments for a 36-month period, totaling $6,987.50, as prescribed by article E, section 2,[1] of the plan. The administrator of the pension trust fund denied her claim on the ground that her husband died prior to the effective date of his pension.

Appellant appealed to the respondent board from the administrator's denial. The appeal was heard by a committee of respondent board consisting of two employer and two employee trustees. After receiving and considering the report and recommendation of said committee, respondent concurred in the recommendation and denied benefits to appellant.

Appellant then filed this action for breach of contract against the board. The trial court found that the decision of respondent board was final and binding upon appellant, and therefore dismissed the action.

■ The controlling issue therefore is whether the decision of respondent board is subject to judicial review.

The pertinent provisions of the pension plan and trust agreement can be summarized as follows:

(1) Neither the retired employee nor beneficiary under this pension plan has any right or interest in or to the fund other than as specifically provided in the pension plan (art. II, § 5).

(2) The board is bound by the provisions of the trust agreement and shall have no authority to alter or amend any terms thereof (art. VII, § 1, subd. (B)).

(3) The rights and duties of all parties including beneficiaries are

---

[1]Article E, section 2, of the pension plan reads, as pertinent here, as follows: "If a Retired Employee . . . dies *within the 36-month period beginning with the effective date of such payments,* his monthly pension payments shall be *continued . . .* until a total of 36 such payments have been made to such Retired Employee and to his designated beneficiary. . . ." (Italics added.)

governed by the provisions of the trust agreement and the acts of the board (art. VIII, § 1).

(4) No retired employee or other beneficiary has any right or claim to a retirement benefit or pension except as specified in the pension plan (art. VIII, § 2).

(5) Any dispute as to eligibility, type, amount or duration of any retirement benefit or pension is to be resolved by the board in accordance with the provisions of the trust agreement and the pension plan, and its decision is final (art. VIII, § 2).

Appellant first contends that the trust agreement "expressly" allows judicial review against the Board of Trustees as an entity by virtue of the fact that the board is *omitted* from the list of those against whom claims are barred. The lack of merit in this contention is self-evident. The question is not whether the board can be sued, but whether or not its decision can be reviewed by the court.

It is now settled that in the absence of a claim that a board such as respondent here acted arbitrarily, capriciously, or in bad faith in reaching its decision, such action is final and not subject to judicial review. (*Cortez* v. *Cal. Motor Express Co.* (1964) 226 Cal.App.2d 257 [38 Cal.Rptr. 29].)

Appellant neither pleaded nor offered any proof in the court below to support a claim of arbitrariness on the part of respondent. Such a claim may not be raised for the first time on appeal.

Next, appellant argues that if the agreement precludes judicial review—it is void as being contrary to public policy. On the contrary, the Labor-Management Relations Act of 1947 (29 U.S.C.A. § 186) under which the pension trust fund in question was authorized clearly outlines a declared policy of providing a system to avoid the cumbersome and expensive procedure of judicial review except upon a claim of arbitrary or capricious action. (*Republic Steel Corp.* v. *Maddox* (1965) 379 U.S. 650 [13 L.Ed.2d 580, 85 S.Ct. 614]; see *Bono* v. *Kramer* (1963) 346 Mass. 355 [191 N.E.2d 760].)

Other contentions urged by appellant need not be considered in view of our determination that the decision of the respondent is final.

The judgment is affirmed.

Taylor, P. J., and David, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.