*161
 
 Opinion
 

 ROTH, P. J.
 

 At the time of this appeal, appellant was and had been since 1948 a member of Sheet Metal Workers’ International Association, Local 108 (Local 108), one of the respondents herein. In 1951, appellant became a partner in the business firm of Crenshaw Sheet Metal and Heating Company (Crenshaw). In 1958, the Sheet Metal Workers’ Pension Plan of Southern California, Arizona and Nevada (the Pension Plan), also a respondent, came into existence. The Pension Plan concededly is one governed by the provisions of the Labor Management Relations Act of 1947 as amended (the Act)
 
 [1]
 
 in section 302 thereof (29 U.S.C. § 186). At about the same time, Crenshaw was incorporated as Crenshaw Sheet Metal and Heating, Inc. (Crenshaw Inc.) though appellant did not then become a shareholder of the company. In 1965, appellant acquired as registered owner 50 percent of the outstanding stock of Crenshaw Inc. and presently continues to own one-half of that business. Throughout his involvement with Crenshaw and Crenshaw Inc., appellant contributed to success of the business by his efforts in the field as a sheet metal worker and occupied the managerial position of Vice President of Crenshaw Inc. for the most part in name only. From its inception, Crenshaw Inc. made contributions to the Pension Plan for appellant’s benefit; at no time did appellant or Crenshaw Inc. disclose to the Pension Plan appellant’s 50 percent stock ownership.
 

 On July 11, 1973, the Pension Plan notified appellant by letter he had acquired a vested pension benefit whereby he was entitled to receive the sum of $500 monthly at retirement. Upon discovery of appellant’s ownership interest in Crenshaw Inc. and on September 25, 1973, the Pension Plan advised appellant he was ineligible for the pension benefit and thereafter, on November 25, 1973, tendered its refund of contributions made in his behalf in the amount of approximately $8,400. The tender was not accepted and appellant on June 21, 1974, brought the within action for declaratory relief, breach of contract and deceit. Following special demurrers sustained and respondents’ answers to appellant’s first amended complaint, the matter was set for trial on October 18, 1976, at which time the trial court granted respondents’ motion for judgment on the pleadings. A subsequent motion for reconsideration and for leave to file a second amended complaint was
 
 *162
 
 considered by the trial court and on April 18, 1977, in the judgment appealed from was denied.
 
 [2]
 

 In substance, the trial court found: (a) appellant’s eligibility for benefits from the Pension Plan was determinable from the provisions of section 186(c)(5)
 
 [3]
 
 as interpreted by federal law; (b) under the Act, any payments by or on behalf of an employer to the Pension Plan for the benefit of such employer are illegal, violative of criminal sanctions contained in the Act and cannot provide a basis for any claim of estoppel which would require awarding a pension to such employer; (c) under the circumstances
 
 *163
 
 present and in accordance with prior decisions of the National Labor Relations Board (the NLRB), recognized by the United States Supreme Court as definitive in any instance where made within the NLRB’s authority, appellant was not an employee as required by the Act; and therefore, (d) no cause of action had been or could validly be asserted by appellant.
 

 We concur in the trial court’s reasoning and in the result reached. In our view, the matter turns upon the questions whether one is an employee so as to satisfy the Act’s requirements and whether that determination is solely ascertained by reference to federal rather than state law.
 
 [4]
 
 The latter question is answered clearly in the affirmative. (See
 
 O’Malley
 
 v.
 
 Wilshire Oil Co.
 
 (1963) 59 Cal.2d 482 [30 Cal.Rptr. 452, 381 P.2d 188];
 
 Lehto
 
 v.
 
 Underground Constr. Co.
 
 (1977) 69 Cal.App.3d 933 [138 Cal.Rptr. 419].) “By its terms, section 301 of the Labor Management Relations Act permits suit for violation of a collective bargaining agreement to be brought in federal court. . . . However, in enacting section 301(a), Congress promulgated more than a mere jurisdictional statute; it authorized the federal courts to create a body of federal law for the enforcement of collective bargaining agreements within the ambit of congressional power.
 
 (Textile Workers Union
 
 v.
 
 Lincoln Mills
 
 (1957) 353 U.S. 448, 456-457 [1 L.Ed.2d 972, 980-981, 77 S.Ct. 912].) In accord with the holding of
 
 Lincoln Mills,
 
 the California Supreme Court has declared that when state courts exercise concurrent jurisdiction with federal courts, they must, in adjudicating an action which could have been brought in the federal courts under section 301, apply federal substantive law.
 
 (Butchers’ Union Local 229
 
 v.
 
 Cudahy Packing Co.
 
 (1967) 66 Cal.2d 925, 930-931 [59 Cal.Rptr. 713, 428 P.2d 849];
 
 O’Malley
 
 v.
 
 Wilshire Oil Co.
 
 (1963) 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188].)”
 
 (Lehto, supra,
 
 pp. 942-943.)
 

 That being the case, it is likewise clear appellant in no wise was an employee for purposes of the Act and accordingly could not enjoy the benefits claimed. So far as section 186 is concerned, the definition of
 
 *164
 
 employee is that found in section 152(3), viz: “The term ‘employee’ shall include any employee, and shall not be limited to employees of a particular employer, unless this sub-chapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular or substantially equivalent employment, shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any individual having the status of an independent contractor, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act, as amended from time to time, or by any other person who is not an employer as herein defined.”
 

 While it is not true that the NLRB is immunized from judicial review in providing parameters within which definitions are to be correctly understood, it is the case that: “. . . the task of determining the contours of the term ‘employee’ ‘has been assigned primarily to the agency created by Congress to administer the Act.’
 
 NLRB
 
 v.
 
 Hearst Publications,
 
 322 U.S. 111, 130 [88 L.Ed. 1170, 1184, 64 S.Ct. 851] (1944). See also
 
 Iron Workers
 
 v.
 
 Perko,
 
 373 U.S. 701, 706 [10 L.Ed.2d 646, 649, 83 S.Ct. 1429] (1963);
 
 NLRB
 
 v.
 
 Atkins & Co.,
 
 331 U.S. 398 [91 L.Ed. 1563, 67 S.Ct. 1265] (1947).” and that: “ ‘[T]he Board’s determination that specified persons are “employees” under this Act is to be accepted if it has “warrant in the record” and a reasonable basis in law.’ ”
 
 (Chemical Workers
 
 v.
 
 Pittsburgh Glass
 
 (1971) 404 U.S. 157, 166 [30 L.Ed.2d 341, 350, 92 S.Ct. 383]; see also
 
 Associated Gen. Contractors, etc.
 
 v.
 
 N. L. R B.
 
 (9th Cir. 1977) 564 F.2d 271.)
 

 In turn the NLRB has determined: “Where an individual owns 50 percent or more of a closely held corporation, as in the case of a co-partner, that individual is, for the purpose of Section 2(3), the actual employer of the employees.”
 
 (Cerni Motor Sales, Inc.
 
 (1973) 201 NLRB 918. See also
 
 Toyota Midtown, Inc.
 
 (1977) 233 NLRB 106;
 
 Foam Rubber City No. 2 of Florida
 
 (1967) 167 NLRB 623.) Accordingly, appellant was
 
 not an
 
 employee within the scope of section 186 and was not properly a recipient of any pension benefit thereunder.
 

 Nor is this result altered by considerations of estoppel since the constraints of section 186 are criminal in nature and “Only employees and former employees of employers who are lawfully contributing to a
 
 *165
 
 union pension trust fund may qualify as beneficiaries of a Section 302 trust. Rittenberry v. Lewis, 238 F.Supp. 506 (E.D.Tenn. 1965); Bolgar v. Lewis, 238 F.Supp. 595 (W.D.Pa. 1960).”
 
 (Moglia
 
 v.
 
 Geoghegan
 
 (2d Cir. 1968) 403 F.2d 110, 116.)
 

 Finally, as set out in the Agreement and Declaration of Trust Establishing Sheet Metal Workers’ Pension Plan of Southern California,. Arizona and Nevada, dated August 11, 1972, the powers of the Pension Plans’ trustees include the power “To construe the provisions of this Trust Agreement and the Pension Plan and any such construction adopted by the Board in good faith shall be binding upon any and all parties or persons affected thereby.”
 

 Here, the trustees determined appellant was not eligible for benefits based upon their acceptance of the definition of the term employee as outlined above. Under such circumstances, where there is no showing nor any sufficient allegations in the complaint that the trustees acted arbitrarily, capriciously or in bad faith, their actions are final and not subject to judicial review.
 
 (French
 
 v.
 
 Construction Laborers Pension Trust
 
 (1975) 44 Cal.App.3d 479 [118 Cal.Rptr. 731];
 
 Park
 
 v.
 
 Board of Trustees
 
 (1971) 21 Cal.App.3d 630 [98 Cal.Rptr. 859].)
 

 The judgment is affirmed.
 

 Fleming, J., and Compton, J., concurred.
 

 A petition for a rehearing was denied July 19, 1978, and appellant’s petition for a hearing by the Supreme Court was denied August 24, 1978. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 United States Code section 151 et seq. All code section references hereinafter are to the United States Code, title 29.
 

 [2]
 

 The judgment contains in recital form the statement that “having granted Plaintiff leave to file a Second Amended Complaint, which does not materially differ from Plaintiff’s First Amended Complaint, the Court finds as follows: . . . .” No second amended complaint was filed except as a proposal made part of the motion to reconsider and it is sufficiently clear the judgment did not intend to provide permission for its filing, since the motion for judgment on the pleadings in fact was granted and the motion for reconsideration denied.
 

 [3]
 

 Section 186 provides in pertinent part:
 

 “§ 186. Restrictions on payments and loans to employee representatives, labor organizations, officers and employees of labor organizations, and to employees or groups or committees of employees; exceptions; penalties; jurisdiction; effective date; exception of certain trust funds
 

 “(a) It shall be unlawful for any employer or association of employers or any person who
 
 acts as a
 
 labor relations expert, adviser, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—
 

 “(1) to any representative of any of his employees who are employed in an industry affecting commerce; or
 

 “(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce; or
 

 “(3) to any employee or group or committee of employees of such employers employed in an industry affecting commerce in excess of their normal compensation for the purpose of causing such employee or group or committee directly or indirectly to influence any other employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing; or
 

 “(4) to any officer or employee of a labor organization engaged in an industry affecting commerce with intent to influence him in respect to any of his actions, decisions, or duties as a representative of employee or as such officer or employee of such labor organization.
 

 “(b) (1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value'prohibited by subsection (a) of this section.
 

 “(c) The provisions of this section shall not be applicable. ...
 

 “(5) with respect to money or other thing of value paid to a trust fund established by such representative,
 
 for the sole and exclusive benefit of the employees of such employer,
 
 and their families and dependents. . . .
 

 “(d)
 
 Any person who willfully violates any of the provisions of this section shall, upon conviction thereof, be guilty of a misdemeanor and be subject to a fine of not more than $10,000 or to imprisonment for not more than one year, or both.”
 
 (Italics added)
 

 [4]
 

 An additional question relating to jurisdiction of the trial court is raised by respondent Local 108. In brief terms, it concerns whether appellant could state a cause of action commenced under section 186(c)(5) in view of the contents of section 186(e) thereof (see
 
 Mobile Mechanical Contractors Ass’n
 
 v.
 
 Carleugh
 
 (5th Cir. 1977) 566 F.2d 1213) or under section 185, to enforce the terms of a collective bargaining agreement. While ordinarily such an issue would be viewed as a threshold matter, we do not so address it, since under the circumstances here involved, the question essentially would be disposed of upon the rationale we adopt in our opinion.